# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMELL DAVIS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:25-cv-00181-JSD |
| KELLY MORRISS, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented Petitioner Jamell Davis's document titled "Federal Rule of Civil Procedure Rule 61 Harmless Error [-] Motion to Alter or Amend and[/]or Set Aside Judgment."  ECF No. 1.  This document is defective as a complaint initiating a civil action because, among other things, it was not drafted on a Court form.  *See* E.D. Mo. L.R. 2.06(A).  In addition, Petitioner has neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*, or without prepayment of fees and costs.  *See* E.D. Mo. L.R. 2.01(B)(1).  Petitioner will have thirty (30) days from the date of this Order to file an amended pleading, and to either pay the full filing fee or file a motion to proceed *in forma pauperis*.

### Discussion

In 1993, Petitioner was found guilty by a jury in Missouri state court on charges of first-degree murder and armed criminal action.  He was sentenced to consecutive terms of life without the possibility of probation or parole, and thirty (30) years.  ECF No. 1-1 at 5.  Petitioner initiated this action with a document arguing that the prosecutor in his state court criminal trial exhibited "racial animus" in the exclusion of certain venireman from the jury in his trial.  ECF No. 1 at 1-3.

According to Petitioner, the prosecutor's actions, "aided and abided" by the trial court judge, violated *Batson v. Kentucky*, 476 U.S. 79 (1986), and resulted in an "error or defect" which affected "every stage of the proceedings from petitioner's trial to petitioner's appeal." *Id.* at 1-2. Petitioner argues that this "prejudicial error … so substantially affects the right of the accused that manifest injustice inexorably results if left uncorrected." *Id.* at 8. Petitioner goes on to state that this Court "can invoke its jurisdiction under Rule 61 Harmless Error, or in the alternative Federal Rule 60(b)(4)" regarding a void judgment. *Id.* Finally, Petitioner asks for the Court to "set aside" his conviction and sentence and either order that he receive a new trial or dismiss the charges. *Id.* at 8-9.

Petitioner in this case seeks to vacate his state court criminal trial and sentence. Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As a convicted and sentenced state court prisoner seeking relief from a state court judgment, Petitioner's action is properly brought under 28 U.S.C. § 2254. As such, the Clerk of Court will be directed to send Petitioner a blank "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." Petitioner should file an amended petition on this Court form within **thirty (30) days** of the date of this Order, if he wishes for this case to proceed.[1]

Petitioner is warned that § 2254 motions are subject to restrictions on filing second or successive motions. Based on a review of this Court's records, it appears that Petitioner has already sought and been denied habeas corpus relief under § 2254 on this state court conviction.

---

[1] To the extent Petitioner seeks to bring this action under Federal Rules of Civil Procedure 60 or 61, these Rules are not a basis for federal court jurisdiction. Rule 60 allows a federal district court to provide relief from its own judgment or order—not from a state court's judgment. Similarly, Rule 61 applies to error in federal court proceedings.

*See Davis v. Bowersox*, No. 4:96-cv-881-ERW (E.D. Mo. decided May 7, 1999).  As such, Petitioner will not be permitted to bring a second or successive § 2254 motion unless the United States Court of Appeals for the Eighth Circuit certifies that the second or successive motion meets the requirements set forth in 28 U.S.C. § 2244(b)(3)(A).

Finally, Petitioner has neither paid the filing fee nor submitted a motion to proceed without prepaying fees or costs.  Local Rule 2.01(B) authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis."  The Court will direct the Clerk of Court to send Petitioner the Court's form "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases."  Petitioner must either pay the $5 filing fee or submit this form motion within **thirty (30) days** of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Petitioner a copy of the Court's forms "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" and "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases."

**IT IS FURTHER ORDERED** that if Petitioner wants to pursue habeas relief in this Court under 28 U.S.C. § 2254, he should file an amended petition on the Court-provided form within **thirty (30) days** of the date of this Order.  Petitioner is advised that his amended petition will take the place of his original petition and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that Petitioner shall either pay the $5 filing fee or submit the "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases" within **thirty (30) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if Petitioner fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 16th day of April, 2025.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE