UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMELL DAVIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 4:25-cv-00181-JSD |
| KELLY MORRISS, | ) ) ) |
| Respondent. | ) ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon review of the file. Petitioner Jamell Davis commenced this action by filing a document with this Court, construed as seeking relief under 28 U.S.C. § 2255. *See* ECF Nos. 1 & 3. However, the document was defective as a § 2254 petition because it was not drafted on a Court-provided form. As such, on April 16, 2025, the Court directed the Clerk to send Petitioner the Court form for § 2254 petitions and directed Petitioner to file an amended petition on that form within thirty (30) days. ECF No. 3. Also in that Order, the Court warned Petitioner that he would not be permitted to bring a second or successive § 2254 petition unless the United States Court of Appeals for the Eighth Circuit certified that the second or successive petition meets the requirements set forth in 28 U.S.C. § 2244(b)(3)(A). *Id.* at 3. The Court cautioned Petitioner that his failure to timely comply with the Court's Order would result in the dismissal of his case. Petitioner's response was due by May 16, 2025.

To date, Petitioner has neither responded to the Court's Order, nor sought additional time to do so. Petitioner was given meaningful notice of what was expected,

he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Petitioner's failure to comply with the Court's April 16, 2025 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion, construed as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED and DISMISSED without prejudice**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of June, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE